UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| NATHANIEL E. BURDGE, et al., | : : : | NO. 1:08-CV-00509 |
| Plaintiffs, | : : | **OPINION AND ORDER** |
| v. | : : | |
| ASSOCIATION HEALTH CARE MANAGEMENT, INC., | : : : | |
| Defendant. | : | |

This matter is before the Court on Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint for Lack of Subject Matter Jurisdiction (doc. 10), Plaintiffs' Response in Opposition (doc. 11), and Defendant's Reply (doc. 12). For the reasons indicated herein, the Court GRANTS Defendant's Motion, DISMISSES all remaining motions as moot, and DISMISSES this case from the Court's docket.

**I. Background**

In their First Amended Complaint, Ohio resident Plaintiffs allege that from 2006 to 2008, Defendant, a Texas corporation, made ten unlawful telemarketing calls to Plaintiffs' home, in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(B), federal regulations, and the Ohio Consumer Sales Practices Act ("CSPA"), O.R.C. § 1345.02(A) (doc. 8). Plaintiffs bring their action in diversity, because

federal question jurisdiction does not apply to the TCPA, under its express terms. 47 U.S.C. § 227(b)(3).

In their 128-count Amended Complaint, Plaintiffs allege each of Defendant's telephone calls violated in multiple ways the TCPA and federal regulations (Id.). Specifically, they plead 55 violations of the TCPA, under which they argue they can recover $1500.00 per violation, and 73 violations of the CSPA, under which they argue they can recover $200.00 per violation (Id.). As such, they contend the aggregate amount in controversy exceeds $75,000.00, and the Court therefore has original diversity jurisdiction over the parties and claims (Id.).

Defendant moved to dismiss both the original Complaint (doc. 5), and the Amended Complaint (doc. 10), under the theory that Plaintiffs' damages are limited to the number of telephone calls, ten, as opposed to the number of alleged violations per telephone call (docs. 5, 10). Defendant further argues that Plaintiffs' Complaint includes technical violations of the TCPA or its regulations, for which there is no private cause of action, but which rather fall within the enforcement powers of state attorneys general and the Federal Communications Commission (doc. 12). As such, Defendant contends, Plaintiffs are limited to $15,300.00 in damages, an amount in controversy that does not exceed $75,000.000 (Id.). Therefore, Defendant argues, Plaintiffs' Complaint should be dismissed as the Court lacks diversity jurisdiction over the

claims pursuant to 28 U.S.C. § 1332 (Id.). Plaintiffs filed their Response (doc. 11), and Defendant its Reply (doc. 12), such that this matter is ripe for the Court's consideration.

**II. The Statutory Framework**

Congress enacted the TCPA in 1991 to "protect the privacy rights of citizens by restricting the use of the telephone network for unsolicited advertising." Charvat v. GVN Michigan, Inc., 531 F. Supp.2d 922 (S.D. Ohio 2008)(quoting Worsham v. Nationwide Ins. Co., 138 Md. App. 487, 772 A.2d 868, 872 (Md. Ct. Spec. App. 2001). The statute, codified at 47 U.S.C. § 227, includes provisions in Section 227(b) applicable to the use of automated telephone equipment, including computer generated calls and faxes; in Section 227(c) applicable to the use of live telemarketers; and in Section 227(d) establishing technical and procedural standards. Sections 227(b) and (c) create a private cause of action such that consumers can sue for damages. Section 227(b) prohibits the initiation of any telephone call to any residential phone using an artificial or prerecorded voice to deliver a message, without the prior express consent of the called party, unless the call is for emergency purposes or excepted by the F.C.C. 47 U.S.C. 227(b)(1)(B). The TCPA does not preempt state law, but in creating no federal subject matter jurisdiction, provides a statutory means by which consumers can protect their rights in state courts. 47 U.S.C. 227(e). Federal court circuits that have addressed the issue agree that the

3

TCPA does not divest federal courts of diversity jurisdiction, should the prerequisites be met. Brill v. Countrywide Home Loans, Inc., 427 F.3d 446, 451 (7th Cir. 2005), Gottlieb v. Carnival Corp., 436 F.3d 335, 341 (2d Cir. 2006), U.S. Fax Law Center, Inc. v. Ihire, Inc., 476 F.3d 1112, 1117-18 (10th Cir. 2007). Generally, a Plaintiff would have to allege fifty TCPA violations, with treble damages of $1500 per intentional violation, so as to qualify for diversity jurisdiction. In the event a Plaintiff does not qualify for diversity jurisdiction, such Plaintiff could still of course seek recourse in the state court system.

**III. The Parties' Arguments**

Defendant, relying on Charvat v. GVN Mich., Inc., 531 F.Supp. 2d 922, 928 (S.D. Ohio, 2008), argues that damages in a TCPA case are only recoverable on a per-call basis, rather than on a per-violation basis (doc. 5, also citing Worsham v. Nationwide Ins. Co., 772 A.2d 868, 876-77 (Md. App. 2001)(damages calculated on a per-call basis); Meyer v. Bixenholtz Constr., 952 A.2d 507, 2008 N.J. Super. LEXIS 176, *11 (N.J. Super. Ct. July 25, 2008)(damages calculated on per-call basis)). As there were nine repeat telephone calls[1] alleged in the Complaint, and maximum statutory damages are set at $1500 per violation, Defendant

---

[1] Also relying on Charvat v. GVN Mich. Inc., and Worsham, Defendant argues Plaintiffs are not entitled to damages for the first of the ten phone calls, because Defendant contends damages are only available for calls made after the first telephone call.

4

contends the maximum damages Plaintiffs could obtain under the TCPA is $13,500.00 (Id.). Similarly, as the Ohio Consumer Sales Practices Act ("CSPA") only allows for $200 per violation, also relying on Charvat, Defendant argues the maximum damages under the state violation, per call, amount to $1800.00 (Id.).

Plaintiffs respond that the TCPA contains separate provisions pertaining to live telemarketing calls in Section 227(c), and as to prerecorded voice message calls in Section 227(b), which are at issue in this case (doc. 11). Prerecorded calls are more severely restricted under Section 227(b), contend Plaintiffs, and the section provides for a private right of action "based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation" (Id. citing 47 U.S.C. § 227(b)(3)). Plaintiffs argue Defendant's reliance is misplaced on Charvat v. GVN Michigan and other cited cases for the proposition that damages are limited to a per-call basis, as those cases all involved claims under Section 227(c), dealing with live telemarketing calls (Id.). Instead, relying on two Ohio appellate court decisions, Reichenbach v. Financial Freedom Ctrs. Inc., 2004 Ohio 6164 (6th Dist. Ct. App. 2004), and Charvat v. Ryan, 168 Ohio App. 3d 78 (Ohio 10th Dist. Ct. App. 2006), Plaintiffs argue the Ohio courts allowed for damages based on individual violations as opposed to individual phone calls (Id.).

5

Plaintiffs further argue the statutory language in Section 227(b) uses the word "violation" and not "call" as the basis for legal action (Id.). Citing United States v. American Airlines, Inc., 739 F.Supp. 52 (D. Mass. 1990), Plaintiffs argue it makes good common sense to hold Defendant liable for more than one fine when it simultaneously violates several regulations (Id.). Finally, Plaintiffs argue they are entitled to damages for the first phone call Defendant made, as Defendant relies on authorities based on Section 227(c), which again, are inapplicable to prerecorded telemarketing calls (Id.).

Defendant replies that Plaintiffs have offered no law in support of their position that they are entitled to recover damages per violation rather than per telephone call under the CSPA, and reiterates its view that damages must also be calculated on a per-call basis under the TCPA (doc. 12). Defendant argues that Charvat's holding with respect to damages for live calls is equally applicable to prerecorded calls, that the TCPA's legislative history reveals such intent, and that in any event, half of Plaintiffs' calls involved a live telemarketer (Id.). Defendant further contends that most of the counts in Plaintiffs' Complaint involve alleged violations of the TCPA's technical and procedural regulatory requirements, which courts have found do not give rise to private causes of action (Id. citing Worsham v. Ehrlich, No. 1442, 2008 Md. App. LEXIS 113 (Md. Ct. Spec. App. Sept. 15, 2008),

6

Boydston v. Asset Acceptance LLC, 496 F. Supp. 2d 1101, 1110 (N.D. Cal. 2007), Kopf v. Battaglia, 425 F. Supp. 2d 76, 91 (D.D.C. 2006), Klein v. Vision Lab Telecomms., Inc., 399 F. Supp. 2d 528, 539 (S.D.N.Y. 2005)).

Defendant further contends that the reason Section 227(b)(3) refers to "violations" rather than to calls is that the subsection applies to both fax transmissions and automated phone calls (Id.). The Fifth Circuit, argues Defendant, found with regard to faxes that the TCPA allows for damages per fax, and there is no reason to treat faxes differently than automated phone calls, as they are both governed by the same section (Id. citing Gene & Gene LLC v. BioPay LLC, No. 07-30195, 2008 U.S. App. LEXIS 17302, *11 n. 6 (5th Cir. Aug. 14, 2008)).

**IV. Discussion**

When ascertaining whether a case in diversity should be dismissed for failure to meet the amount in controversy requirement of 28 U.S.C. § 1332, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." Kovacs v. Chesley, 406 F.3d 393, 395 (6th Cir. 2005)(quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938)). Therefore, the task before the Court is to determine whether some or all of Plaintiffs' claims, taken together, amount to $75,000. Should it appear the claims amount to less, the Court must be legally certain of that conclusion

7

before dismissing the case.

In Charvat v. Echostar Satellite, LLC, No. 2:07-CV-1000, 2008 U.S. Dist. LEXIS 101417, *16 (S.D. Ohio, December 16, 2008), the Honorable Judge John Holschuh of this Court cited to Charvat v. Ryan in noting a distinction between the TCPA's Section 227(c)(5) which permits recovery per telephone call, and Section 227(b)(3), which permits recovery per violation. Section 227(b)(3) is clear on its face in allowing a private right of action "based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such a violation," and lacks the language referring to "one telephone call" included in Section 227(c)(5) that courts have found limit damages to a per call basis. Charvat v. Colorado Prime, No. 97APGO9-1277, 1998 Ohio App. LEXIS 4292, *12-13 (Ct. App. Ohio September 17, 1998), Charvat v. Ryan, 168 Ohio App. 3d 78, 87 (Ct. App. Ohio July 20, 2006)(damages in Section 227(b)(3) case awarded for unsolicited prerecorded message as well as for two violations of regulations promulgated under the TCPA), Reichenbach v. Financial Freedom Ctrs. Inc., 2004 Ohio 6164 (Ct. App. Ohio, 2004)(remanding to trial court for award of damages based on one unsolicited prerecorded message as well as for failure to send do not call policy upon request in violation of 47 C.F.R. 64.1200). Taking this precedent into consideration, notwithstanding authority suggesting an alternate conclusion, Gene & Gene LLC v. BioPay LLC, No. 07-30195, 2008 U.S. App. LEXIS 17302,

*11 n. 6 (5th Cir. Aug. 14, 2008), the Court cannot accept "to a legal certainty" that the claims brought by Plaintiffs in this case under Section 227(b) are limited to damages per alleged call.

However, the Court finds well-taken Defendant's argument that certain regulatory violations fall outside the scope of private enforcement actions. Section 227(d) provides for "technical and procedural standards," including the requirement that all prerecorded calls identify the entity initiating the call, and state its telephone number. Unlike Sections 227(b) and (c), Section 227(d) includes no language creating a private right of action. Worsham v. Ehrlich, No. 1442, 2008 Md. App. LEXIS 113 (Md. Ct. Spec. App. Sept. 15, 2008), Boydston v. Asset Acceptance LLC, 496 F. Supp. 2d 1101, 1110 (N.D. Cal. 2007), Kopf v. Battaglia, 425 F. Supp. 2d 76, 91 (D.D.C. 2006), Klein v. Vision Lab Telecomms., Inc., 399 F. Supp. 2d 528, 539 (S.D.N.Y. 2005)). The Court concludes that there is no private right of action for failure on the part of an automated telemarketing call to identify itself or provide its phone number. The enforcement of the identification requirements is within the province rather of state attorneys general and the Federal Communications Commission. The Court notes that the Charvat v. Ryan decision allowed for damages for a violation of these identification requirements, and expressed a practical justification for doing so: that omissions of identification "can significantly impair or altogether thwart the

9

called party's efforts to stop future unwanted calls" 168 Ohio App. 3d at 88 (Ct. App. Ohio July 20, 2006). However, as sympathetic as this Court is to such a practical justification, the identification requirements clearly fall where Congress put them, within the scope of Section 227(d), for which there is no private enforcement cause of action provided.

Part of the difficulty in navigating which requirements are enforceable privately stems from the fact that the two differing sections creating a private cause of action, Sections 227(b) and (c), both use language referring to regulations prescribed under "this subsection." The regulations promulgated in 47 C.F.R. 64.1200 morph together provisions pertaining to automated calls (under the authority of Section 227(b), live telemarketing calls (under the authority of Section 227(c), as well as the identification requirements of Section 227(d). For this reason, it is difficult to determine to a "legal certainty" which provisions fall squarely under the province of Section 227(b). Out of an abundance of caution, therefore, the Court will consider the various violations of 47 C.F.R. 64.100 alleged by Plaintiffs as actionable, with the exception of the Section 227(d) identification requirements, which as explained above, are not enforceable privately.

The result in this case is that twenty of Plaintiffs' TCPA claims, those alleged in Counts 2, 3, 6, 7, 12, 13, 27, 28,

10

44, 45, 55, 56, 66, 67, 82, 83, 92, 93, 112, and 113, are not enforceable privately, and therefore cannot serve as a basis for the jurisdictional amount. The Court need not reach the remainder of Defendant's arguments concerning alleged defects in the remaining thirty-five TCPA counts, because those counts if viable, assuming treble damages of $1500.00 per count, taken together with the CSPA claims, do not amount to $75,000.00.

**V. Conclusion**

Having reviewed this matter, the Court finds well taken Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint for Lack of Subject Matter Jurisdiction (doc. 10), to the extent that it finds to a legal certainty that Plaintiffs' Complaint fails to meet the requisite jurisdictional amount of 28 U.S.C. § 1332. Accordingly the Court GRANTS Defendant's Motion (doc. 10), and DISMISSES this case, without prejudice to refiling in state court, for lack of subject matter jurisdiction. The Court further DISMISSES all remaining pending motions as moot (docs. 6, 14).

SO ORDERED.

Dated: February 18, 2009     /s/ S. Arthur Spiegel
                                     S. Arthur Spiegel
                                     United States Senior District Judge